*E-Filed: July 27, 2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELA MARINACHE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL LAWRENCE STERN, et al.,<br><br>　　　　　Defendants. | Case No.   14-cv-03055-HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 30 |

Daniela Marinache sues Daniel Lawrence Stern, Chi Wen Chang, and Raymond Wu for failure to pay overtime wages in violation of the Fair Labor Standards Act. Presently before the court is Stern and Chang's motion to dismiss the first amended complaint. All parties who have been served have expressly consented to having all matters proceed before a magistrate judge. A hearing was held on July 21, 2015. Based on the moving and responding papers, as well as the arguments presented at the hearing, the court grants in part and denies in part the motion to dismiss.

## BACKGROUND

Plaintiff was an employee of Los Gatos Green Cleaners ("LGGC"). FAC ¶¶ 1, 9, 10. Plaintiff alleges that LGGC is owned in a partnership between Stern, Chang, and Wu. *Id*. ¶¶ 1, 7, 18, 22. According to Plaintiff, she worked more than forty hours per week, but was not paid overtime wages or minimum wages. *Id*. ¶ 1. In addition, Plaintiff alleges that she was not

allowed to take meal and rest breaks because she was alone in the store for most of her work shift. *Id*.

Plaintiff filed a voluntary Chapter 13 Bankruptcy Petition in August 2012. At that time, her claims against LGGC for wages due in the 2010-2012 period had accrued. On Schedule "A" of the petition, which lists all real property assets belonging to the petitioner, Plaintiff indicated that there were no real property assets. Def. RJN, Exh. C.[1] Schedule B lists personal property assets. At item 20, the debtor is asked to describe "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." Plaintiff indicated "none" in response. The Statement of Financial Affairs asks the debtor to "[l]ist all suits or administrative proceedings to which the debtors is or was a party within one year immediately preceding the filing of the bankruptcy case." Plaintiff again did not include her wage claims against Defendants. *Id*., Exh. D. Nowhere else in the Chapter 13 Petition did Plaintiff indicate the existence of any claims against Defendants.

Plaintiff filed a separate Labor Commission claim for wages due during the 2010-2012 period. A hearing was held in February 2014. At the hearing, Stern and Chang requested that the case be dismissed on the basis of judicial estoppel for Plaintiff's failure to disclose her wage claims against Defendants in her bankruptcy petition. In March 2014, the Labor Commissioner dismissed the action without prejudice, finding that the claims were barred by judicial estoppel. *Id.*; Exh. A.

In April 2014, Plaintiff filed an amended Schedule B, which for the first time listed her claims against Defendants. *Id*.; Exh. E. However, Plaintiff did not modify her Chapter 13 Plan to include her claims against Defendants. *Id*.; Exh. B. In December 2014, Plaintiff's bankruptcy case was involuntarily dismissed for failure to make her plan payments and her failure to prosecute the case. *Id*.; Exhs. F, G.

Plaintiff filed the present action in July 2014. The first amended complaint ("FAC") (the operative complaint) alleges: (1) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b), and 255(a); (2) violation of statutory duty for breach of Cal. Lab. Code §§ 510,

---

[1] Defendants' Request for Judicial Notice, Dkt. No. 31, is granted. *See* Fed. R. Evid. 201(b).

2

1194, and 1194.2 assessment; (3) violation of Cal. Lab. Code §§ 203, 226, 226.7, 1194 and wage orders; (4) Cal. Lab. Code § 203 waiting time penalties; and (5) violation of Cal. Bus. & Prof. Code § 17200 *et seq.* Stern and Chang have moved to dismiss the FAC.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

## DISCUSSION

First, Defendants argue that Plaintiff's claims are barred by judicial estoppel because at the outset of her bankruptcy proceeding, she failed to list her claims for wages that had accrued during the 2010-2012 period. "Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996). "The application of judicial estoppel is not limited to bar the assertion of inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases. In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) (internal citations omitted).

Courts consider three factors when deciding whether to apply judicial estoppel: (1) whether a party's later position is clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept the party's earlier position; and (3) whether a plaintiff seeking to assert an inconsistent position would cause the opposing party unfair detriment if not estopped. *Id*. at 782. "[J]udicial estoppel seeks to prevent the deliberate manipulation of the courts and, therefore, it is inappropriate when a party's prior position was based on inadvertence or mistake." *Helfand v. Gerson*, 105 F.3d 530, 536 (9th Cir. 1997) (internal quotation marks and alteration omitted); *see also Wolf v. Wells Fargo Bank, N.A.*, No. C11–01337 WHA, 2011 U.S. Dist. LEXIS 117835, at *33–34 (N.D. Cal. Oct. 12, 2011) (applying judicial estoppel in the bankruptcy context).

The court declines to find that Plaintiff's claims are barred by judicial estoppel at this point in the proceedings. As both Plaintiff and Defendants acknowledged at the hearing, judicial estoppel is an affirmative defense. *Zyla v. Am. Red Cross Blood Servs.*, No. C-13-2464 EMC, 2014 WL 3868235, at *7 (N.D. Cal. Aug. 6, 2014); *see also Love v. Tyson Foods, Inc*., 677 F.3d 258, 267 (5th Cir. 2012); *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011). Typically, a plaintiff need not plead around an affirmative defense in his or her complaint. *See, e.g.*, *Belluomini v. Citigroup, Inc*., CV 13–01743 CRB, 2013 WL 3855589, at *9 n.3 (N.D. Cal. July 24, 2013) (stating that "[f]ederal courts have repeatedly held that a plaintiff is not required to plead facts in his complaint in order to avoid potential affirmative defenses"). Accordingly, the issue of judicial estoppel is properly decided on summary judgment, not on a motion to dismiss. Defendants may raise the issue of judicial estoppel again on summary judgment.

Moreover, in regards to the third factor, Defendants have not made a sufficient showing that either Plaintiff gained an unfair advantage or Defendants have suffered from an unfair detriment. *See New Hampshire v. Maine*, 532 U.S. 742, 751 (2001) (third element is satisfied "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped"). Defendants argue that Plaintiff has received an unfair advantage because she has received the benefit of an automatic stay under 11 U.S.C. § 362(a). However, this argument focuses on the benefit received by

Plaintiff, which is divorced from any detriment to Defendants. Defendants never relied on any inconsistent position taken by Plaintiff. In addition, it appears that Defendants may have received a benefit in this instance, because the applicable statutes of limitations continued to run on Plaintiff's claims while the bankruptcy progressed. Nevertheless, Defendants are not precluded from advancing this argument at a future date if they later move for summary judgment.

Second, Defendants argue that Plaintiff's FLSA claim (the only federal claim) is barred by the applicable statute of limitations. A cause of action under the FLSA must be commenced within two years for a non-willful violation, and three years if there was a willful violation. 29 U.S.C. § 255. Plaintiff's last day of work was February 29, 2012. This action was filed in July 2014. Plaintiff is barred from recovery for a non-willful violation of the FLSA because the statutory time to bring such a cause of action expired on February 29, 2014.

Plaintiff alleges that there was a willful violation of the FLSA, which would not be barred by the applicable statute of limitations. Defendants argue that the FAC is conclusory and contains no factual allegations demonstrating that Stern and Chang willfully violated the FLSA. Plaintiff requests leave to amend the FAC, arguing that she will be able to allege that Chang is a business professor at San Jose State University; that Wu had a previous Labor Commissioner wage theft case; and that Stern and Chang knew that Plaintiff was the only person at the store and they both visited her there, gave her money, and talked to her about the staffing. The court grants Plaintiff leave to amend the FAC to allege that Defendants willfully violated the FLSA.

Third, Defendants argue that Wu's bankruptcy demonstrates that he was the sole employer, and therefore is the only defendant liable for the alleged failure to pay wages. According to Defendants, the bankruptcy court has already determined that LGGC was a sole proprietorship owned by Wu, and this court should defer to the bankruptcy court's factual findings. Defendants point to a motion to compel abandonment of personal property that remained after Wu and LGGC vacated the premises, Def. RJN, Exhs. N, O, which was granted on August 16, 2013, *id.*, Exh. P. This motion asserts that Wu occupied the premises as the assignee of Stern and his wife, who had leased the premises from the landlord. The lease for the premises was assigned to Wu without the consent of the landlord. Defendants argue that the order granting the motion demonstrates that the

5

bankruptcy court accepted Wu's admission that he was the sole owner of LGGC.

In addition, Defendants point to Wu's Schedule B, in which he lists LGGC and indicates that it is a sole proprietorship, *id.*, Exh. K; Wu's Schedule F, in which he lists Stern as an unsecured creditor on the basis of a personal loan in the amount of $400,000, *id.*, Exh. L; and the fact that Wu's schedules are signed in his individual capacity, not on behalf of a partnership, *id.*, Exh. M. According to Defendants, these documents show that Stern and Chang did not have a partnership interest in LGGC, but rather merely lent money to Wu in connection to an investment scheme in 2008.

On the other hand, Plaintiff alleges that Wu, Stern, and Chang are partners in LGGC. FAC ¶¶ 1, 7, 18, 22. In addition, Plaintiff alleges that Stern contracted with Wu to "make an initial capital investment in exchange for 20% of the profits of the business plus a repayment of the loan." *Id.* ¶ 21. Moreover, Plaintiff points to a proof of claim filed by Stern on April 28, 2010, to which Stern attached a contract which states that he was to receive 20% of all profits from the drycleaner for his assistance in obtaining funds for the new business. Pl. RJN, Exh. 4.[2] In addition, Plaintiff points to a Fictitious Business Name Statement filed with Santa Clara County and signed by Chang, in which the drycleaner is listed as being owned by all three defendants. *Id.*, Exh. 5. Finally, Plaintiff argues that the motion to compel abandonment of personal property discussed above only addressed the issue of whether Wu had abandoned personal property at the premises, and did not address the legal ownership of the business.

Defendants have failed to show that Wu's bankruptcy demonstrates that he was the sole employer or that the bankruptcy court already determined that LGGC was a sole proprietorship owned by Wu. Accordingly, the court declines to grant Defendants' motion to dismiss on this basis.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted in part and denied in part. Defendants' motion is granted as to Plaintiff's claim that there was a violation of the

---

[2] Plaintiff's Request for Judicial Notice, Dkt. No. 33, is granted. *See* Fed. R. Evid. 201(b).

FLSA, but denied as to the remaining claims. To the extent Plaintiff alleges that there was a non-willful violation of the FLSA, the claim is dismissed without leave to amend. However, the court grants Plaintiff leave to amend the FAC to allege that Defendants willfully violated the FLSA. Plaintiff shall file a third amended complaint within fourteen (14) days of the date of this order.

**IT IS SO ORDERED.**

Dated: July 27, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge