*E-Filed: July 27, 2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELA MARINACHE,<br><br>   Plaintiff,<br><br>   v.<br><br>DANIEL LAWRENCE STERN, et al.,<br><br>   Defendants. | Case No.  14-cv-03055-HRL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER TO SERVE SUMMONS BY PUBLICATION**<br><br>Re: Dkt. No. 35 |

Daniela Marinache sues Daniel Lawrence Stern, Chi Wen Chang, and Raymond Wu for failure to pay overtime wages in violation of the Fair Labor Standards Act. On June 5, 2015, Plaintiff filed the present motion for an order authorizing service of summons and complaint on Wu by publication. Dkt. No. 35. Plaintiff requests an order allowing her to serve Wu by publishing a notice about the pendency of this action in the *San Jose Mercury News* and *Los Angeles Times*. A hearing was held on July 21, 2015. For the reasons stated below, Plaintiff's motion is granted.

## BACKGROUND

Plaintiff was an employee of Los Gatos Green Cleaners ("LGGC"). FAC ¶¶ 1, 9, 10. Plaintiff alleges that LGGC is owned in a partnership between Stern, Chang, and Wu. *Id*. ¶¶ 1, 7, 18, 22. According to Plaintiff, she worked more than forty hours per week, but was not paid overtime wages or minimum wages. *Id*. ¶ 1. In addition, Plaintiff alleges that she was not

allowed to take meal and rest breaks because she was alone in the store for most of her work shift. *Id*.

Plaintiff filed the present action in July 2014. The first amended complaint ("FAC") (the operative complaint) alleges: (1) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b), and 255(a); (2) violation of statutory duty for breach of Cal. Lab. Code §§ 510, 1194, and 1194.2 assessment; (3) violation of Cal. Lab. Code §§ 203, 226, 226.7, 1194 and wage orders; (4) Cal. Lab. Code § 203 waiting time penalties; and (5) violation of Cal. Bus. & Prof. Code § 17200 *et seq*. Plaintiff has moved for an order authorizing service of summons and complaint on Wu by publication. In addition, Plaintiff requests leave to mail Wu a letter informing him of the publication which includes a copy of this order, the summons, and the complaint, sent to both Wu's last known address in San Jose and the address of the attorney who last represented Wu in bankruptcy proceedings.

**LEGAL STANDARD**

Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, service upon an individual may be effected in any judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" in order to comply with due process. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Pursuant to Rule 4(e)(1), the Court looks to California law to determine the sufficiency of the proposed service of process. California law allows for alternative service under certain circumstances. For example, California law permits service by publication if: (1) "upon affidavit it appears to the satisfaction of the court . . . that the party to be served cannot with reasonable diligence be served in another manner" and (2) "[a] cause of action exists against the party upon whom service is to be made." Cal. Civ. Proc. Code § 415.50(a)(1). Service by publication is disfavored and permitted only "as a last resort." *See Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 332 (1978).

2

In regards to the first requirement, when deciding whether a plaintiff exercised "reasonable diligence," courts look to whether the plaintiff "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Id*. at 333–34. "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (citation and internal quotation marks omitted). Accordingly, "the term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Id*. (citations and some internal quotation marks omitted). However, "[a] number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, . . . and by investigation of appropriate city and telephone directories, voter registries, and assessor's office property indices situated near the defendant's last known location, generally are sufficient." *Id*. (citations and internal quotation marks omitted).

In regards to the second requirement, Section 415.50(a)(1) requires that the plaintiff provide independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against each defendant whom service by publication is requested. *See Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977) (holding that Section 415.50(a)(1) requires "an affidavit containing a statement of some fact which would be legal evidence, having some appreciable tendency to make the [the cause of action] appear, for the Judge to act upon before he has any jurisdiction to make the order" authorizing service by publication).

**DISCUSSION**

In regards to the first requirement, Plaintiff's counsel performed a skip search and hired a process server to perform a skip search on Wu. Both results showed the best residential address as 842 E. Julian Street, San Jose, CA 95112. *See* Margain Decl., Exhs. 1, 2. A process server attempted to serve Wu at that location, but was informed that he had moved to Los Angeles. *Id*., Exh. 3. However, based on a skip search performed in March 2015, Wu has no address in Los Angeles. Plaintiff's counsel exercised reasonable diligence in attempting to locate Wu.

In regards to the second requirement, Plaintiff has filed a Supplemental Declaration of

3

Tomas Margain. The declaration relies on the Order, Decision and Award of a Hearing Officer of the Department of Industrial Relation's Labor Commissioner's Office in *Marinache v. Chang*, Case No. 12-88119 JT. Margain Decl., Exh. A. In the findings of fact, the hearing officer found that Plaintiff was employed by LGGC from June 1, 2010 to February 29, 2012, and "some overtime was worked." *Id*. at 2. In addition, the hearing officer found that Wu listed the dry cleaner business as his "sole proprietorship" in his bankruptcy filing, although Chang and Stern were listed as owners and registrants along with Wu in a Fictitious Business Name Statement. *Id*. Plaintiff has provided independent evidentiary support for the existence of a cause of action against Wu.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for an order authorizing service of summons and complaint on Wu by publication is granted. Plaintiff shall publish a notice about the pendency of this action in the *San Jose Mercury News* and *Los Angeles Times*. In addition, Plaintiff shall mail Wu a letter informing him of the publication which includes a copy of this order, the summons, and the complaint, sent to both Wu's last known address in San Jose and the address of the attorney who last represented Wu in bankruptcy proceedings. Plaintiff shall have 90 days from the date of this order in which to effect service.

The case management conference set for September 29, 2015 is continued to November 24, 2015, at 1:30 p.m. A status report shall be filed no later than November 17, 2015.

**IT IS SO ORDERED.**

Dated: July 27, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

4